IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY D. THARP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:21-cv-292-JTA |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Unopposed Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Remand to Defendant filed by the Acting Commissioner of Social Security ("Commissioner") on January 13, 2022. (Doc. No. 15.) In her Memorandum in Support of her Unopposed Motion, the Acting Commissioner states remand is appropriate so the agency can reassess Plaintiff's residual functional capacity and, if necessary, obtain supplemental vocational expert testimony. (Doc. No. 16 at 1.)

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

Here, the Court finds remand necessary as the Acting Commissioner concedes that Plaintiff's residual functional capacity must be reassessed and that supplemental vocational expert testimony may be needed. Moreover, Plaintiff does not oppose the motion. (*See* Doc. No. 15.) Further, pursuant to 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of the undersigned United States Magistrate Judge. (Docs. No. 18, 19.)

Accordingly, it is hereby

ORDERED as follows:

1. The Commissioner's motion (Doc. No. 15) is GRANTED.

2. The decision of the Commissioner is hereby REVERSED.

3. This matter is hereby REMANDED to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

A separate final judgment will issue.

DONE this 31st day of January, 2022.

*/s/ Jerusha J. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE